PHILIP T. MATTSON, PLAINTIFF-APPELLANT, v. WALTER C. SLACK, DEFENDANT-RESPONDENT.

Argued May 7, 1946—Decided May 21, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the appellant, *Milton Lowenstein*.

For the respondent, no appearance.

The opinion of the court was delivered by

OLIPHANT, J. Plaintiff-appellant brought an action in the Trenton District Court against the defendant-respondent to recover the sum of $500 which represented the down payment on the purchase price of property owned by the wife of the defendant.

The case was tried by the court, sitting without a jury, and resulted in a judgment for the defendant. On this appeal from that judgment there was no appearance or briefs filed on behalf of the defendant.

The evidence, considered most favorably from the defendant's standpoint, was that the plaintiff, desiring to purchase the property in question, had a Mr. Schwier, a real estate broker, contact defendant and after some negotiations it was agreed that the selling price would be $2,000, that an agreement embodying all the terms of sale was prepared by Mr. Schwier and executed by the defendant and his wife and that thereupon the defendant received from Mr. Schwier, on behalf of the plaintiff, a check in the amount of $500 on account

of the purchase price as provided for in the agreement. This agreement of sale was never executed by the plaintiff and he refused to proceed with the transaction. The testimony as to the reasons therefor is conflicting.

The defense was limited in the specification of defenses to "was there a valid and existing contract between the plaintiff and defendant."

It is apparent that a written contract executed by all parties was contemplated by them and it is manifest that no contract legally binding on the plaintiff was entered into. Until the execution of the agreement of sale by him he was entitled to withdraw. The deposit of $500 was merely a step in the negotiations. The case is entirely controlled by that of *Thompson* v. *Killheffer*, 99 *N. J. L.* 439. See, also, *Van Scolen* v. *Lindsley*, 5 *N. J. Mis. R.* 545.

Judgment will be entered pursuant to *R. S.* 2:32–214 in favor of the appellant in the sum of $500, with costs.